UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Alonza Rufus, # 482019, | ) | C/A No. 6:11-3276-TLW-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a pre-trial detainee at the Walton County Jail in Monroe, Georgia. Plaintiff was arrested on March 1, 2011, and charged with possession of a weapon and possession/manufacture of a controlled substance (http://www.waltoncountyga.org/Sheriff/jailrosterframes.htm [last visited on December 6, 2011]). He was arrested on eastbound Interstate 20 in Walton County, Georgia. The website for the Walton County Sheriff's Department indicates that the Superior Court for Walton County has not granted bond to Petitioner.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter is before the undersigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned finds that the Petition must be summarily dismissed.

The Section 2241 Petition in this case is styled as a "PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO §2241 DUE TO ACTUAL INNOCENCE." The

convictions at issue in this case were entered in *United States v. Michael Alonza Rufus*, Criminal No. 3:02-0550-MJP, pursuant to a guilty plea.

Petitioner pled guilty in this Court on April 28, 2003, to violation of 21 U.S.C. § 841(a)(1) (conspiracy to distribute 500 grams or more of cocaine) and violation of 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime). The Honorable Matthew J. Perry, Jr., Senior United States District Judge, sentenced Petitioner, on October 21, 2003, to 37 months and 60 months, to run consecutively for a total of 97 months, followed by eight years of supervised release. *See* Criminal No. 3:02-550, ECF No. 80.

On October 24, 2003, Petitioner filed a direct appeal of his convictions and sentences in Criminal No. 3:02-550, which were affirmed by the United States Court of Appeals for the Fourth Circuit in *United States v. Rufus*, No. 03-4840, 114 Fed.Appx. 56, 2004 WL 2476486 (4th Cir. Nov. 4, 2004).

Thereafter, Petitioner, proceeding *pro se*, filed numerous post-trial documents ("notice of acceptance," letters, "notice of request for independent action," "notice of petition for redress of grievances," and motions (for bond, to appoint counsel, for discovery, for a hearing), all of which were denied by this Court on August 20, 2009. *See* Criminal No. 3:02-550, ECF No. 109. On September 11, 2009, Petitioner filed a *pro se* Notice of Appeal, and he filed another "notice of appeal of final judgment" on September 28, 2009. The United States Court of Appeals for the Fourth Circuit affirmed on November 25, 2009. *See United States v. Rufus*, No. 09-7740, 353 Fed.Appx. 856, 2009 WL 4071273 (4th Cir. Nov. 25, 2009).

On July 14, 2010, Petitioner — apparently no longer in prison — filed another pleading, including motions to appoint counsel, for a hearing, and for miscellaneous relief. Petitioner's filing also included an "apostille" and a "presentment" attacking his convictions and sentences in Criminal No. 3:02-550 as "void." See Criminal No. 3:02-550, ECF No. 127. The Court denied his motions on June 15, 2010. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which, on March 16, 2011, affirmed this Court's denial of his post-judgment motions. *See United States v. Rufus,* No. 10-7034, 416 Fed.Appx. 293, 2011 WL 894377 (4th Cir. March 16, 2011).

On November 24, 2004, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in Criminal No. 3:02-550, which this Court denied in granting summary judgment to Respondent on April 4, 2007, in *Rufus v. United States of America*, 3:04-23082-MJP. On May 30, 2007, Petitioner filed a motion for reconsideration of the denial of his § 2255 motion, which was denied on June 1, 2007. On May 5, 2008, Petitioner field a motion under Rule 60(b) to set aside the Court's April 4, 2007, order, which the Court treated as a successive § 2255 motion and denied on May 23, 2008. The Court of Appeals on September 17, 2008, dismissed Petitioner's appeal of the denial of his § 2255 motion, denied a certificate of appealability, and denied him authorization to file a successive § 2255 motion. *See United States v. Rufus*, No. 08-7038, 293 Fed.Appx. 210, 2008 WL 4280036 (4th Cir. Sept. 17, 2008).

This Court may take judicial notice of Petitioner's prior criminal case and Section 2255 action. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content

of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.")

Since the claims that Petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the Fourth Circuit. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2255 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

Moreover, Petitioner's claim is facially inadequate to require consideration by this District Court because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence *of the criminal charges* (conspiracy to distribute 500 grams or more of cocaine *and* possession of a firearm in furtherance of a drug trafficking crime), for which he was convicted pursuant to a guilty plea. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not

4

presented at trial"). *See also, e.g.*, *Brown v. Rivera*, C.A. No. 9:08-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009); *Chisholm v. Pettiford*, C.A. No. 6:06-2032-PMD, 2006 WL 2707320 (D.S.C. Sept. 18, 2006); and *Wyatt Davis v. United States*, C.A. No. 8:05-2778-GRA, 2006 WL 89505, at *6 (D.S.C. Jan. 12, 2006). The *Davis* case relied, in part, on a case decided by the United States Court of Appeals for the Fifth Circuit, *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000).

There is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of Petitioner's two criminal convictions. *See, e.g., United States v. Poole*, 531 F.3d 263, 267 & n. 7 (4th Cir. 2008) (savings clause applies to convictions but does *not* apply to sentences).

Moreover, Petitioner does not satisfy the three-part test outlined by our Court of Appeals. *See In Re Jones*, 226 F.3d 328 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Petitioner does not satisfy the second prong of the *In Re Jones* test because there has been no change in substantive law relating to the crimes for which he was convicted. *See also Riddle v. Mitchell*, C.A. No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010), *adopting* Report and Recommendation *reported at* 2010 WL 1707075 (D.S.C.

Jan. 25, 2010). Finally, the fact that Petitioner did not prevail on his previous motions for relief under § 2255 does not mean that the potential relief of § 2255 is inadequate or ineffective; it simply means that Petitioner is not entitled to it. *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

The above-captioned case is the second Section 2241 action filed by Petitioner this year relating to his two convictions. *See* Section 2241 Petition in *Michael Alonza Rufus v. United States of America*, C.A. No. 6:11-746-TLW-KFM. In a Report and Recommendation filed in Civil Action No. 6:11-746-TLW-KFM on April 6, 2011, the undersigned recommended summary dismissal *without prejudice* of the Section 2241 Petition. Petitioner filed timely written objections to the Report and Recommendation in Civil Action No. 6:11-746-TLW-KFM. On May 13, 2011, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation and dismissed the case *without prejudice*. *Rufus v. United States*, Civil Action No. 6:11-746-TLW-KFM, 2011 WL 1827842 (D.S.C. May 13, 2011). Judge Wooten on June 3, 2011, denied Petitioner's Motion for Reconsideration in Civil Action No. 6:11-746-TLW-KFM. As of December 7, 2011, no appeal has been filed in Civil Action No. 6:11-746-TLW-KFM.

The Section 2241 Petition in above-captioned case is subject to summary dismissal for the same reasons that the Section 2241 Petition in Civil Action No. 6:11-746-TLW-KFM was subject to summary dismissal. *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own


files and records and it had no duty to grind the same corn a second time.  Once was sufficient.'").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the Section 2241 Petition *without prejudice and without requiring Respondent to file an Answer or return*.  Petitioner's attention is directed to the important notice on the next page.

December 8, 2011                              s/ Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).